UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, f/u/b/o, ) <br> BELTLINE ELECTRIC CO., LLC, and ) <br> BELTLINE ELECTRIC CO., LLC, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> NISOU LGC JV II LLC, and ) <br> WESTPORT INSURANCE CORPORATION, ) <br> ) <br> Defendants. ) | No. 3:25-CV-150-KAC-JEM |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

On April 11, 2025, Plaintiffs filed a Complaint [Doc. 1]. Later, on June 30, 2025, Plaintiffs filed an Application for Clerk's Default as to Westport Insurance Corporation ("Westport") [Doc. 14], claiming that they served Defendant Westport on April 22, 2025, and that it failed to respond to the Complaint [Doc. 14-1]. On August 1, 2025, the Clerk entered a default against Defendant Westport [Doc. 16].

On August 22, 2025, Defendant Westport filed the Motion to Set Aside Entry of Default [Doc. 20]. It claims that Plaintiffs did not comply with Tennessee Code Annotated § 56-2-504, meaning that they did not properly serve Defendant Westport [*Id*. at 1]. Stating that good cause exists for setting aside the Clerk's entry of default, Defendant Westport asserts that "(1) [it] did not learn about this action or the Clerk's [e]ntry of [d]efault until Saturday, August 16, 2025, (2) [it] does not have any record of receiving anything from the Commissioner [of the Tennessee

Department of Commerce and Insurance], the Plaintiffs, or the Clerk with respect to this action before [e]ntry of [d]efault, and (3) [it] disputes the Plaintiffs' claim against the [p]ayment [b]ond" [*Id*. at 1–2]. In support of its request, Defendant Westport relies on the Declaration of Marcelo Virgili [Doc. 20-1]. It further contends that entry of default should be set aside because it "was not willful in not responding to the Complaint" [Doc. 21 p. 11], setting aside the entry of default will not prejudice Plaintiffs [*id*. at 12], and it has "several meritorious defenses in response to the allegations in the Complaint" [*id*. at 13].

Following the motion, on September 25, 2025, Plaintiffs and Defendant Westport filed the Stipulation Regarding Setting Aside Entry of Default Against Defendant Westport Insurance Corporation [Doc. 26]. They agree that the Clerk's entry of default should be set aside and that Defendant Westport be given until October 3, 2025, to file a response to the Complaint [*Id*.].

Considering the alleged service issues [*see* Doc. 21 pp. 3–7] and the parties' Stipulation [Doc. 26], the undersigned **RECOMMENDS**[1] that the District Judge **GRANT** Defendant Westport's motion [**Doc. 20**], that the Clerk's Entry of Default [**Doc. 16**] be **SET ASIDE**, and that Defendant Westport be ordered to file a response to the Complaint on or before **October 3, 2025.**

Respectfully submitted,

*/s/ Jill E. McCook*

Jill E. McCook
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).