UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, f/u/b/o, BELTLINE ELECTRIC CO., LLC, et al.; <br><br> Plaintiffs, <br><br> v. <br><br> NISOU LGC JV II LLC, et al.; <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) )   3:25-CV-150-KAC-JEM |

### ORDER ADOPTING REPORTS & RECOMMENDATIONS

Before the Court are United States Magistrate Judge Jill E. McCook's (1) September 8, 2025 Report and Recommendation ("September 8 Report") [Doc. 25] and (2) September 26, 2025 Report and Recommendation ("September 26 Report") [Doc. 27]. On April 11, 2025, Plaintiffs United States of America, f/u/b/o, Beltline Electric Co., LLC and Beltline Electric Co., LLC filed a Complaint against Defendants Nisou LGC JV II LLC ("Nisou") and Westport Insurance Corporation ("Westport") [Doc. 1]. After neither Defendant responded to the Complaint, at Plaintiffs' request representing that they served each Defendant, the Clerk entered default against each Defendant [*See* Docs. 15, 16].

Thereafter, Defendant Nisou filed a Motion to Set Aside the Entry of Default against it [Doc. 18]. And Plaintiffs and Defendant Nisou filed a Stipulation "agree[ing]" that the Court should "set aside" default as to Nisou [Doc. 24 at 1]. Defendant Westport also filed a Motion to Set Aside the Entry of Default against it [Doc 20]. Plaintiffs and Defendant Westport filed a Stipulation "agree[ing]" that the Court should "set aside" default as to Westport and that "Westport should have" until "October 3" to respond to the Complaint [*See* Doc. 26 at 1].

The September 8 Report [Doc. 25] recommends that the Court grant Defendant Nisou's Motion to Set Aside [Doc. 18] and order Defendant Nisou to respond to the Complaint by September 26, 2025 [*See* Doc. 25 at 2]. The September 26 Report recommends that the Court grant Defendant Westport's Motion to Set Aside [Doc. 20] and order Defendant Westport to respond to the Complaint by October 3, 2025 [*See* Doc. 27 at 2].[1] No Party has objected to either Report, and the time to do so has passed. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

After reviewing the record, the Court **ACCEPTS** and **ADOPTS** the September 8 Report [Doc. 25] under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2). The Court **GRANTS** Defendant Nisou's Motion to Set Aside [Doc. 18] and **SETS ASIDE** the Clerk's Entry of Default as to Defendant Nisou [Doc. 15]. And the Court **ACCEPTS** and **ADOPTS** the portions of the September 26 Report related to setting aside the entry of default against Defendant Westport; **GRANTS** Defendant Westport's Motion to Set Aside [Doc. 20]; and **SETS ASIDE** the Clerk's Entry of Default as to Defendant Westport [Doc. 16]. But the Court **MODIFIES** the portion of the September 26 Report recommending that Defendant Westport be required to respond to the Complaint by October 3—a date that was within the 14-day window for Defendant Westport to object to the September 26 Report. Instead, the Court **EXTENDS** Defendant Westport's deadline to respond to the Complaint until October 14, 2025 and accepts Defendant Westport's Answer [Doc. 34] as timely filed.

---

[1] Consistent with 28 U.S.C. § 636(b)(1)(C), each Report gave the Parties fourteen (14) days to file any objection to the relevant Report [*See* Docs. 25 at 2 n.1; 27 at 2 n.1]. But the September 26 Report recommended that the undersigned require Defendant Westport to respond to the Complaint on October 3, before the statutory 14-day window to object expired.

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge

3